IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-148-MHT-TFM |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the Court on Defendant's Motion to Dismiss (Doc. 22). Plaintiff has filed a response to the Motion (Doc. 24) and Defendant has filed a Reply. (Doc. 25). Pursuant to 28 U.S.C. § 636(b) (1) this case was referred to United States Magistrate Judge, Susan Russ Walker, for consideration and disposition or recommendation on all pretrial matters. (Doc. 4). The case was subsequently reassigned to United States Magistrate Judge Terry F. Moorer.

### I. DISCUSSION AND ANAYLIS

Plaintiff filed a Complaint against Alabama State University ("ASU") on March 3, 2016 alleging Title VII violations based upon gender discrimination and sexual harassment. (Doc. 1). By Order of April 28, 2016 this Court stayed proceedings in this matter until May 25, 2016 to allow Plaintiff time to retain new counsel and directed Plaintiff to serve Defendant with a summons and copy of the complaint by May 25, 2016.

1

(Doc. 11). Plaintiff issued a summons and copy of the complaint to Defendant on May 16, 2016. (Doc. 13). However, service was not completed. On June 23, 2016, newly retained counsel filed his notice of appearance. (Doc. 16). On the same day Plaintiff's original counsel filed his motion to withdraw (Doc. 17) which the Court granted. (Doc. 19). On September 9, 2016, an alias summons and copy of the original complaint were reissued (Doc. 20) and Defendant was served on September 13, 2016. (Doc. 21). Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 4(m). Rule 4(m) states as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court –on motion or its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff argues that the motion is due to be denied because good cause exists for the failure to perfect timely service, and even absent good cause, the court has authority to extend time for service. *Horenkamp v. Van Winkle and Co., Inc.,* 402 F. 3d 1129, 1132-1133 (11th Cir. 2005) ("[T]oday we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.")

The law of this circuit affords a district court a great deal of discretion in extending the time for service of process. *Lepone-Dempsey v. Carroll Cnty. Comm'rs.,* 476 F.3d 1277, 1281 (11th Cir. 2007)("[W]hen a district court finds that a plaintiff fails to show

2

good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.") Indeed, the Eleventh Circuit has concluded "'[g]ood cause' exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Anderson v. Osh Kosh B'Gosh,* 255 Fed. Appx 345, 347 (11th Cir. 2006).

In the instant matter, Plaintiff issued a summons to ASU, which was never returned. Counsel represents to the Court that upon learning of such failure, he promptly re-issued the summons, which was returned on September 13, 2016. (Doc. 24 ¶ 5). Further, Plaintiff argues that ASU's failure or refusal to accept service, as opposed to Plaintiff's failure to issue a summons, is good cause for extending the time for service. Assuming without deciding that Plaintiff has not demonstrated good cause for the failure to timely serve Defendant, the Court is persuaded that exercising its discretion to extend the time for service is proper under the facts of this case. First, Plaintiff initiated service within the time proscribed by the Federal Rules of Civil Procedure and ultimately did complete service upon ASU, even though it was untimely. Second, Plaintiff represents to the Court that the Title VII ninety-day statute of limitations will bar a subsequent filing of her complaint, if dismissed. *See Miller v. Georgia*, 223 Fed. Appx. 842, 844 (11th Cir. 2007) ("Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1)."). The

Eleventh Circuit has held that even though "the running of the statute of limitations does not require that a district court extend the time for service of process," it is a factor the Court may consider in determining whether to exercise its discretion in extending the service deadline. *See Horenkamp*, 402 F.3d at 1133. Thus, the Court concludes that Defendant's Motion to Dismiss is due to be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 22) be and is hereby DENIED.

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **June 19, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner*

*v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of June, 2017.

\s\Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE