IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-148-GMB |
| | ) | [WO] |
| ALABAMA STATE UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is the Defendants' Joint Motion to Exclude the Report and Potential Testimony of Plaintiff's Expert, Kale Kirkland, Ph.D. Doc. 67. Upon consent of the parties, the case was referred to the United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). Doc. 103.

Plaintiff Sharon Robinson has offered a report prepared by Kirkland to demonstrate that she suffered emotional distress from the events forming the basis of her claims in this case. Kirkland is a forensic psychologist who issued a report about Robinson after conducting a clinical interview and examination, reviewing collateral information, and administering a personality inventory test. Doc. 73-2. Kirkland expressed the opinion that Robinson exhibits symptoms of depression and anxiety, including trauma-like symptoms, and continues to experience psychological distress in relation to her period of employment with Defendant Alabama State University ("ASU"). Doc. 73-2. Kirkland recommended that Robinson seek outpatient mental health treatment. Doc. 73-2.

The defendants have moved to exclude Kirkland's opinions included both in the

report and in anticipated testimony. After review of the motion, briefs, Kirkland's report, and the applicable law, the court concludes that the motion is due to be DENIED.

## I. STANDARD OF REVIEW

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). This "gatekeeping function is important to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quotation and citation omitted).

## II. DISCUSSION

In determining the admissibility of expert testimony under Rule 702, this court must conduct a rigorous three-part inquiry, considering whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort

of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact through the application of scientific, technical, or specialized expertise to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

The defendants do not challenge Kirkland's qualifications. They do, however, seek to exclude opinions in the report and Kirkland's anticipated testimony pursuant to Rule 702 on the bases that Kirkland did not employ any scientific technique or specialized skill, that the jury would not be assisted by Kirkland's opinions, and that Kirkland has merely offered opinions as whether Robinson is to be believed. The defendants also seek to exclude Kirkland's report and testimony pursuant to Rule 403, arguing that they are highly prejudicial and of limited probative value.

Regarding the issue of the use of scientific technique or specialized skill, the court finds that Kirkland identifies in his report the scientific techniques he used, including a clinical interview, a mental status examination, and the Minnesota Multiphasic Personality Inventory ("MMPI"), Second Edition. Doc. 73-2. The argument by the defendants that Kirkland's opinions are not based on scientific techniques, therefore, is unavailing. *See Kovacic v. Ponstingle*, 2014 WL 4715859, at *7 (N.D. Ohio Sept. 22, 2014) (considering the MMPI and stating that "[c]ourts have regularly approved of these tests as meeting the reliability prong of the *Daubert* test").

In response to the argument that Kirkland's opinions will not assist the jury, Robinson argues that Kirkland's opinions do not invade the province of the jury and the mere fact that her own testimony would support a finding of emotional distress does not mean that admitting Kirkland's report would not still assist the jury. Robinson's mental

3

anguish is a fact at issue for the purposes of determining compensatory damages. *See* 42 U.S.C. § 1981a(b)(3)(a) (providing that a plaintiff may recover compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"). Medical or other expert evidence is not required to prove emotional distress but can be used in determining the extent of damages. *See Bailey v. Runyon*, 220 F.3d 879, 881 (8th Cir. 2000) ("While a plaintiff need not provide expert testimony, such testimony is not irrelevant."); *Sears v. PHP of Ala., Inc.,* No. 2006 WL 1223302, at *4 (M.D. Ala. May 5, 2006) (stating that "Defendant has not presented any convincing reason that Plaintiff should not be permitted to offer evidence at trial on the issue of emotional distress"). Therefore, the court finds that the testimony may assist the jury and is not to be excluded on that basis.

The defendants also argue that Kirkland's report and potential testimony should be excluded because they amount to no more than an opinion that Robinson is to be believed. Kirkland made his assessment that Robinson gave genuine responses and was not malingering, however, in the context of expressing his opinion that Robinson exhibits symptoms of depression and anxiety and making the recommendation that she seek outpatient mental health treatment. Doc. 73-2. Furthermore, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

Finally, the probative value of the report and potential testimony is not substantially outweighed by unfair prejudice to the defendants under Rule 403. The report is highly probative as to Robinson's compensatory damages and while it might be prejudicial to the defendants, it is not unfairly prejudicial. The court, however, will consider a limiting instruction to the jury as to the permissible purposes for which Kirkland's report and

4

testimony may be considered if the defendants submit such an instruction with their proposed jury instructions. *See, e.g., Fitzpatrick v. City of Montgomery*, 2008 WL 3305125, at *2 (M.D. Ala. Aug. 7, 2008) ("To prevent the records from being unduly prejudicial or confusing to the jury, however, the court will admit them with a limiting instruction that the jury is not to consider the records as evidence of causation, but only as corroboration that [the plaintiff] sought and received the treatment for the conditions reflected in the records.").

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that the Joint Motion to Exclude the Report and Potential Testimony of Plaintiff's Expert, Kale Kirkland, Ph.D. (Doc. 67) is DENIED.

DONE this 7th day of March, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE